IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA EDWELL,

        Plaintiff,

vs.                                                                                                                        No. CIV 05-19 MV/WPL

OFFICER CHRISTOPHER CHASE, individually and in his
official capacity as police officer for the ALBUQUERQUE
POLICE DEPARTMENT, ALBUQUERQUE, NEW MEXICO,
and THE CITY OF ALBUQUERQUE,

        Defendants.

-- and --

KELLY M. HAM,

        Plaintiff,

vs.                                                                                                                        No. CIV 05-34 JB/RHS

OFFICER CHRISTOPHER CHASE, individually and in his
official capacity as police officer for the ALBUQUERQUE
POLICE DEPARTMENT, ALBUQUERQUE, NEW MEXICO,
and THE CITY OF ALBUQUERQUE,

        Defendants.

-- and --

MICHELLE GALLEGOS,

        Plaintiff,

vs.                                                                                                                      No. CIV 05-43 BB/RHS

OFFICER CHRISTOPHER CHASE, individually and in his
official capacity as police officer for the ALBUQUERQUE
POLICE DEPARTMENT, ALBUQUERQUE, NEW MEXICO,
and THE CITY OF ALBUQUERQUE,

        Defendants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on: (i) the Plaintiff Kelly M. Ham's Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and His Pending Criminal Case, filed May 12, 2005 (Doc. 15 in Case No. CV 05-034 JB/RHS); (ii) the Plaintiff Michelle Gallegos' Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and His Pending Criminal Case, filed May 12, 2005 (Doc. 17 in Case No. CV 05-043 BB/RHS); and (iii) the Plaintiff Veronica Edwell's Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and His Pending Criminal Case, filed May 12, 2005 (Doc. 18 in Case No. CV 05-019 MV/WPL). The Court held a hearing on these three motions on October 7, 2005. The primary issues are: (i) whether collateral estoppel precludes the Defendant Christopher Chase from re-litigating the following issues in the current lawsuits that were addressed in a previous lawsuit -- <u>Seeley v. Chase et al.</u>, CV 04-0118 JC/LFG: (a) the issue of mistaken identity; (b) the evidentiary issues surrounding the introduction of evidence of other assaults; and (c) the evidentiary issues surrounding the introduction of his indictment and his pending criminal case; (ii) whether the Plaintiffs are entitled to summary judgment on the issue of identity because Chase invoked his privilege against self-incrimination under the Fifth Amendment to the United States Constitution; and (iii) whether Chase is entitled to attorney fees.

The Court finds that collateral estoppel does not preclude the re-litigation of the identity issue

because it was not necessarily decided in Seeley v. Chase, and will deny the motion in part with prejudice. The Court also finds that the issue whether collateral estoppel precludes the re-litigation of evidentiary issues is premature because the Court cannot determine at this time whether the issues will be identical and the Court will deny the motion in part without prejudice. The issue whether Plaintiffs are entitled to summary judgment on the identity issue based on Chase's invocation of the Fifth Amendment is premature because Chase has not invoked his Fifth Amendment privilege against self-incrimination in this case and the motion is denied in part without prejudice. The Court will not award expenses to Chase.[1]

## FACTUAL BACKGROUND

### 1. Seeley v. Chase.

On February 19, 2002, Cynthia Seeley was at her friend Dorinda Jim's apartment. See Plaintiff Kelly M. Ham's Memorandum in Support of Plaintiff's Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and his Pending Criminal Case ("Memorandum in Support") at 2, filed June 12, 2005 (Doc. 16 in Case No. CV 05-034).[2] An argument broke out between Jim and Seeley, and someone called the Albuquerque Police Department ("APD"). See id. A short while later, APD officer Christopher Chase and another APD officer arrived at Jim's apartment. See id.; Defendant Christopher Chase's

---

[1] The Court entered an Order denying the motion in part with prejudice and denying the motion in part without prejudice on December 6, 2005 (Doc. 75). This opinion more fully explains the Court's reasoning for its decision.

[2] Although each Plaintiff submitted a motion and memorandum, the substance of the motions and memoranda are virtually identical except for the names of the Plaintiffs.

Response to Plaintiff's Motion for Partial Summary Judgment of Defendant Chase ("Response") at 3, filed May 26, 2005 (Doc. 17 in Case No. CV 05-034 JB/RHS).[3]

The Plaintiffs contend that Chase then removed Seeley from the apartment and told her that he would drive her to another friend's house. See Memorandum in Support at 2. Chase does not deny that he gave Seeley a ride that night. See Response at 3. The Plaintiffs allege that, rather than driving Seeley to her friend's house, Chase instead drove her to a deserted alley behind a Bennigan's restaurant located off of Louisiana Boulevard in Albuquerque, New Mexico, where he raped her in the back seat of his patrol car. See Memorandum in Support at 2.

The Plaintiffs contend that, in Seeley v. Chase, Civ.No. 04–0118 JC/LFG, Chase not only argued it was a case of mistaken identity, but also invoked his Fifth Amendment privilege against self-incriminate on all questions about the alleged assault, including what shift he was working and questions related to the new federal cases against him. See id. Chase maintains, however, that the issue of identity was not actually litigated in the Seeley v. Chase case; rather, Chase admitted that he reported to the domestic disturbance, that he gave Seeley a ride, and that the real issue was what actually happened in the police car and the competency of Seeley -- she was so intoxicated that she identified a different police officer as the assaulting officer. See Transcript of Hearing at 7:23-8:11 (taken October 7, 2005).[4]

The Honorable John E. Conway, Senior United States District Judge, resolved, in favor of disclosure to the jury, the issues surrounding the introduction of evidence of other assaults. See

---

[3] Although Chase filed a response in each case, the substance of the responses are virtually identical except for the names of the Plaintiffs.

[4] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Memorandum Opinion and Order, <u>Seeley v. Chase et al.</u>, CV-04-0118 at 3-4, filed February 3, 2005 (Doc. 118). Judge Conway allowed the introduction of testimony from four witnesses -- Edwell, Ham, Gallegos, and Mitsey Ramone -- who alleged that Chase had sexually assaulted them. <u>See</u> Memorandum in Support at 2. He also allowed the introduction of the criminal indictment in its entirety. <u>See</u> Response at 12.

The Plaintiffs contend that all four witnesses identified Chase as the man who assaulted them. <u>See</u> id. Chase argues that two of the witnesses' allegations were inadmissible and that two of the witnesses were never able to identify Chase as the person who assaulted them; nevertheless, Judge Conway still allowed them to testify. <u>See</u> Response at 12. Chase also argues that Gallegos and Ham were unable to identify Chase in person. <u>See</u> Response at 2.

The jury returned a verdict in Seeley's favor and against Chase on the due process claim, the battery claim, the assault claim, and the false imprisonment claim, and awarded damages. <u>See</u> Verdict Form, <u>Seeley v. Chase et al.</u>, CV-04-0118, filed February 11, 2005 (Doc. 129). On February 16, 2005, Judge Conway entered a final judgment for Seeley and against Chase. <u>See</u> Final Judgment, <u>Seeley v. Chase et al.</u>, CV-04-0118, filed February 16, 2005 (Doc. 130). On March 15, 2005, Chase filed a Notice of Appeal of the Final Judgment entered against him in <u>Seeley v Chase</u>. <u>See</u> Notice of Appeal, <u>Seeley v. Chase et al.</u>, CV-04-0118 (Doc. 131).

Ham, Gallegos, and Edwell are potential witnesses in three other pending cases: one in state court and two in federal court. <u>See</u> <u>Gallegos v. Chase</u>, CV-05-0043 BB/RHS; <u>Edwell v. Chase</u>, CV-05-0019 MV-WPL; <u>Ramone v. APD</u>, 202-CV-200306205.[5]

---

[5] The state court case, <u>Ramone v. APD</u>, 202-CV-200306205, appears to have settled. <u>See</u> Scott Sandlin, <u>City Pays $300,000 in Civil Lawsuit, Ex-Cop Accused in Rape of Prostitute</u>, Albuquerque Journal, November 29, 2005, A-1 to A-2.

### 2. **Current Federal Cases.**

The Plaintiffs allege that, in late January 2003, Chase used excessive physical force by sexually assaulting them, and unreasonably detained them in violation of the Fourth Amendment. See Memorandum in Support at 1. The Plaintiffs also allege that the City of Albuquerque is legally responsible for its failure to identify and fire Chase before the incidents. See id.

Chase intends to present evidence that (i) Gallegos and Ham were completely unable to identify him -- both in photo arrays and at the Seeley v. Chase trial; (ii) Gallegos and Ham instead identified several other persons; (iii) Chase did not have an unmarked white patrol car such as that attributed to the person assaulting Gallegos and Ham; (iv) the person and vehicle described by Gallegos and Ham are unlike the person Edwell describes as encountering within two hours; (v) the photograph array shown to Edwell was biased and does not withstand the test of either basic police procedure or scientific reliability; and (vi) Edwell's statements have been inconsistent and are contradicted by other evidence.[6] See Response at 4-5.

The Plaintiffs move the Court for an order that prevents re-litigation in this case of the defense of "mistaken identity," and that also prevents re-litigation of evidentiary issues decided by Judge Conway surrounding the introduction of evidence of the other assaults by Chase while a police officer, his criminal indictment, and his pending criminal case. See Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults

---

[6] The intention to introduce evidence of the inconsistency of Edwell's statements is found only in the Response to Edwell's Motion.

and his Pending Criminal Case ("Motion for Issue Preclusion") at 1. The Plaintiffs request an order for summary judgment, based on collateral estoppel principles, precluding the re-litigation of issues decided in Seeley v. Chase. See id. Ham, Gallegos, and Edwell have filed the same motion in each of the three federal cases. See id. at 2.

The Defendants contend that the Plaintiffs' motions are so lacking in merit they could not have been made in good faith, and thus Chase is entitled to his expenses for having to respond to these motions. See Response at 1, 14.

## STANDARD FOR DECIDING MOTIONS FOR SUMMARY JUDGMENT

Summary judgement is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## LAW REGARDING COLLATERAL ESTOPPEL

The United States Court of Appeals for the Tenth Circuit requires the following elements be met before application of collateral estoppel:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000)(citing Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975 F.2d 683, 687 (10th Cir. 1992)). A prior issue has not been finally adjudicated on the merits unless the adjudication was necessary to the judgment. See Murdock v. UTE Indian Tribe of Uintah & Ouray Reservation, 975 F.2d at 687; Goss v. Goss, 722 F.2d 599,

602 (10th Cir. 1983)("[C]ollateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.")(citations omitted).

"Under the federal view, the pendency of an appeal does not prevent application of the collateral estoppel doctrine unless the appeal involves a full trial de novo." Ruyle v. Continental Oil Co., 44 F.3d 837, 846 (10th Cir. 1994)(citations omitted).

## ANALYSIS

The Plaintiffs seek to avoid their obligations to produce evidence and prove their claims. While their desire is to proceed directly from claim to verdict is understandable, it cannot be realized.

The Plaintiffs erroneously argue that the prior lawsuit, to which they were not parties, decided the issue of identity in this case. The Plaintiffs do not present evidence to the Court that a jury or court identified Chase as having violated these Plaintiffs' state or federal rights. Instead, they refer to their participation in accusing Chase in the Seeley v. Chase case as showing that the issue of identity has been fully and fairly litigated and should be given collateral estoppel effect in the current cases.

**I. THE PLAINTIFFS' TESTIMONY AND PARTICIPATION IN THE <u>SEELEY V. CHASE</u> CASE IS INSUFFICIENT TO SHOW THAT THE ISSUE OF IDENTITY IN THE CURRENT CASE WAS NECESSARILY DECIDED IN THE PREVIOUS CASE.**

The Plaintiffs' testimony and participation in the Seeley v. Chase case does not equate to an issue -- identity in each of their current cases -- that has been "necessarily decided" for purposes of collateral estoppel. Collateral estoppel requires more than a party's prior testimony and participation. It requires specifically that the issue in question was necessarily decided in the prior litigation.

The Plaintiffs have not shown and apparently are not able to show, that the jury in the Seeley v. Chase case, necessarily decided the issue of identity in these three remaining cases. The jury in the

Seeley v. Chase case found that Chase was liable to Seeley on the due process claim, the battery claim, the assault claim, and the false imprisonment claim. See Verdict Form, Seeley v. Chase et al., CV-04-0118. While the Seeley v. Chase jury may have resolved the issue of identity in that specific case, the jury did not make an express finding that Chase was the person who assaulted the Plaintiffs in the current cases.

The jury in Seeley v. Chase may or may not have believed the Plaintiffs in their testimony and accusations against Chase. The only thing that can be definitely ascertained from the Seeley v. Chase trial is that the jury believed Chase assaulted Seeley. It is a possibility that the jury could have disbelieved any or all of the current Plaintiffs in their accusations against Chase when they testified in the Seeley v. Chase trial, while still finding that Chase assaulted Seeley. A finding that Chase assaulted the current Plaintiffs was not therefore necessary to the jury's finding that Chase assaulted Seeley, and therefore, the Court will deny the motion in part with prejudice.

**II. THE ISSUES WHETHER COLLATERAL ESTOPPEL PRECLUDES THE RE-LITIGATION OF EVIDENTIARY ISSUES AND WHETHER THE PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE IDENTITY ISSUE BASED ON CHASE'S INVOCATION OF THE FIFTH AMENDMENT ARE PREMATURE.**

The Plaintiffs argue that collateral estoppel precludes Chase from re-litigating evidentiary issues -- introduction of previous sexual assaults, introduction of the indictment and pending criminal case -- that were decided in their favor in Seeley v. Chase. In Seeley v. Chase, Judge Conway allowed the introduction of testimony from four witnesses -- Edwell, Ham, Gallegos, and Ramone -- who alleged that Chase sexually assaulted them. See Memorandum in Support at 2. He also allowed the introduction of the criminal indictment in its entirety. See Response at 12.

Chase contends that collateral estoppel does not apply to evidentiary rulings. See Response

at 8. Chase does not, however, cite to any authority to support such a broad statement. In any case, to decide this motion, the Court need not decide whether collateral estoppel can be applied to evidentiary rulings.

That issue is premature because the Court does not know with any precision at this time what evidence will be introduced in this trial and thus cannot determine whether the evidentiary issues will be identical. The parties may revisit this issue at a later time when they can show the Court more fully what evidence will be introduced at the trials. With this knowledge, the Court will then be able to determine if the issues in the Seeley v. Chase case are identical to the evidentiary issues in the current litigation.

In Seeley v. Chase, Chase asserted his Fifth Amendment privilege to not incriminate himself. The Plaintiffs contend that such invocation entitles them to summary judgment on the identity issue. See Memorandum in Support at 3. Chase, however, has not invoked his Fifth Amendment privilege against self-incrimination in the current cases. See Response at 3. Discovery is not scheduled to end in these cases until January 10, 2006. See Stipulated Order for Extension of Time on Discovery Deadline at 1, filed November 3, 2005 (Doc. 78 in Case No. CV 05-0019). Chase's criminal trial is set for December 12, 2005. See Stipulated Motion for Extension of Time on Discovery Deadline ¶ 2, at 1, filed October 28, 2005 (Doc. 79 in Case No. CV 05-0019). Thus, the issue whether the Plaintiffs are entitled to summary judgment as to identity based on Chase's invocation of his Fifth Amendment privilege against self-incrimination is also premature. The Plaintiffs can revisit this issue if Chase at some point -- in these cases -- invokes his Fifth Amendment privilege against self-incrimination, but, because he has not yet done so, the Court will deny the motion in part as premature.

### III.  CHASE IS NOT ENTITLED TO EXPENSES FOR DEFENDING THESE MOTIONS.

Finally, although Chase requested reimbursement for his expenses in responding to this motion, Chase does not state what rule the Plaintiffs violated or where in the Federal Rules of Civil Procedure Congress has changed the American rule for federal litigation.  If Chase is implicitly invoking rule 11 with his charge that the Motion is so lacking in merit that it could not have been made in good faith, he has not complied with its requirements.  Rule 11 requires a party to undertake certain steps before asking the Court to award rule 11 sanctions. Rule 11 requires the party to make a motion for sanctions "separately from other motions or requests and [to] describe the specific conduct alleged to violate [rule 11] subdivision (b)." Fed. R. Civ. P. 11(c)(1)(A).  The motion must be served, but may not be filed with the Court unless "within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Id.  "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Id.

It does not appear from the materials presented that Chase complied with the procedural requirements for filing a motion for sanctions under rule 11. See id.  The Court will, therefore, deny Chase's request for expenses.

**IT IS ORDERED** that:

(i) the Plaintiff Kelly M. Ham's Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and His Pending

Criminal Case is denied in part with prejudice and denied in part without prejudice. Collateral estoppel does not preclude the re-litigation of the identity issue because it was not necessarily decided in Seeley v. Chase, and the issue whether collateral estoppel precludes the re-litigation of evidentiary issues is premature because the Court cannot determine at this time whether the issues will be identical. The issue whether Plaintiff Kelly M. Ham is entitled to summary judgment on the identity issue based on Chase's invocation of the Fifth Amendment is premature because Chase has not invoked his Fifth Amendment privilege against self-incrimination in this case;

(ii) the Plaintiff Michelle Gallegos' Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and His Pending Criminal Case is denied in part with prejudice and denied in part without prejudice. Collateral estoppel does not preclude the re-litigation of the identity issue because it was not necessarily decided in Seeley v. Chase, and the issue whether collateral estoppel precludes the re-litigation of evidentiary issues is premature because the Court cannot determine at this time whether the issues will be identical. The issue whether Plaintiff Michelle Gallegos is entitled to summary judgment on the identity issue based on Chase's invocation of the Fifth Amendment is premature because Chase has not invoked his Fifth Amendment privilege against self-incrimination in this case;

(iii) the Plaintiff Veronica Edwell's Motion for "Issue Preclusion" or Alternatively, Partial Summary Judgment, Based on Collateral Estoppel, Regarding the Issue of "Identity", and the Evidentiary Issues Allowing Introduction of Defendant Chase's Other Assaults and His Pending Criminal Case is denied in part with prejudice and denied in part without prejudice. Collateral estoppel does not preclude the re-litigation of the identity issue because it was not necessarily decided

in Seeley v. Chase, and the issue whether collateral estoppel precludes the re-litigation of evidentiary issues is premature because the Court cannot determine at this time whether the issues will be identical. The issue whether Plaintiff Veronica Edwell is entitled to summary judgment on the identity issue based on Chase's invocation of the Fifth Amendment is premature because Chase has not invoked his Fifth Amendment privilege against self-discrimination in this case; and

(iv) the Court will not award expenses to Chase.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Brad D. Hall
Francis A. Crockett
Law Office of Brad D. Hall
Albuquerque, New Mexico

-- and --

Cheryl K. McLean
Albuquerque, New Mexico

*Attorneys for the Plaintiffs Kelly M. Ham, Veronica Edwell, and Michelle Gallegos*

Gregory L. Biehler
Beall & Biehler
Albuquerque, New Mexico

*Attorney for the Defendant Christopher Chase*

Kathryn C. Levy
Albuquerque City Attorney's Office
Albuquerque, New Mexico

*Attorney for the City of Albuquerque*